IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

                Plaintiff,

v.                                            CASE NO. 18-3119-SAC

CORIZON HEALTH, INC., et al.,

                Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on three motions: (1) a Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 29) filed by Defendants Johnnie Goddard, Christopher Ross, Doug Burris, Raymond Roberts, and Rex Pryor ("KDOC Defendants"); (2) a Motion for Medical Malpractice Screening Panel (ECF No. 32) filed by Plaintiff; and (3) a Motion to Stay Case (ECF No. 40) filed by Plaintiff. Plaintiff's only response to the Motion to Dismiss has been his motion to stay the case, which was filed more than a month after his response was due.[1]

For the reasons described herein, the motion to dismiss is granted, and the KDOC Defendants are dismissed from this action. The Court further finds Plaintiff's motion to stay the case is denied as to the motion to dismiss. The Court defers further ruling on the motion to stay and the motion for screening panel until after reassignment of the case.

---

[1] Local Rule 7.4(b) provides that if a response to a motion is not filed within twenty-one (21) days, the Court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice. However, the Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond. *Issa v. Comp USA,* 354 F.3d 1174, 1177-78 (10th Cir. 2003). Instead, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

1

## Summary of Amended Complaint[2]

Plaintiff alleges the defendants failed to notify him that he had tested positive for Hepatitis-C for over a year and then failed to provide him with treatment to cure the infection. He claims this violated his right to be free from cruel and unusual punishment under the Eighth Amendment and constituted a conspiracy to violate his civil rights. In addition, he brings state law claims of medical malpractice, outrageous conduct, battery, mistreatment of a confined person, breach of fiduciary duty, and negligence. He names the KDOC Defendants as well as Corizon and two nurses employed by Corizon, FNU Brundage (infection control coordinator at El Dorado Correctional Facility), and Rebecca LNU (infection control coordinator at Lansing Correctional Facility).

Plaintiff states that he filed grievances and injury claim forms demanding he receive the treatment to cure his Hepatitis-C, and the KDOC Defendants "all failed to take steps to get plaintiff's treatment" and refused to "enforce the contract [with Corizon] and make Corizon and its employees give plaintiff his treatment." ECF No. 25, at 10. He requests relief in the form of $1,000,000.

## Motion to Dismiss (ECF No. 29)

The KDOC Defendants argue they should be dismissed from the case because the amended complaint includes no facts supporting a plausible claim that they personally participated in Plaintiff's medical care. They further argue that the Eleventh Amendment bars claims against them for money damages in their official capacities, that Plaintiff failed to exhaust his administrative remedies before filing suit, that they are entitled to qualified immunity, and that the Court should decline to exercise pendant jurisdiction over Plaintiff's state law claims.

---

[2] Plaintiff's amended complaint (ECF No. 25) was severed into separate actions due to improper joinder. Count IV of the amended complaint is the basis for this action.

## Legal Standards

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**Summary Judgment**

While Defendants attached an affidavit to their Memorandum in Support, and while there was a *Martinez* report filed in this case, the Court does not rely on those submissions in ruling on the Motion to Dismiss. Therefore, the summary judgment standard is not applicable. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (district court's dismissal under Rule 12(b)(6) of a prisoner's complaint filed pro se characterized as "irregular" where court had not limited its review to the complaint).

## Analysis

**Personal Participation**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inaction upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated the plaintiff's federal constitutional rights.

Plaintiff names five KDOC defendants: Rex Pryor, former Warden of Lansing Correctional Facility (LCF); Doug Burris, Designee of the Secretary of Corrections; Johnnie Goddard, former Deputy Secretary of Corrections; Raymond Roberts, former Secretary of the Kansas Department of Corrections; and Christopher Ross, Grievance and Property Claims Officer at LCF.

Plaintiff's only mention in the amended complaint of any of the KDOC Defendants is that Defendants Pryor, Burris, Goddard, and Roberts, as a group, "failed to take steps to get plaintiff's treatment" after Plaintiff allegedly filed grievances and injury claims and failed to enforce the contract with Corizon. Plaintiff makes no allegation at all about Defendant Ross.

The Tenth Circuit has repeatedly held that the denial of administrative grievances alone is insufficient to establish personal participation. *See Stewart v. Beach,* 701 F.3d 1322, 1328 (10th

Cir. 2012); *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007). If Plaintiff named the KDOC Defendants on the basis of their supervisory capacity, such claim must also fail. It is well established that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). An "affirmative link" must be established between the constitutional deprivation and "either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* Establishing an affirmative link requires allegations of: a) a personal involvement in the violation; b) a sufficient causal connection between the supervisor's involvement and the constitutional violation; and c) a culpable state of mind. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).

At the very most, Plaintiff can be said to contend the KDOC Defendants had knowledge of the alleged constitutional violation through Plaintiff's grievances.[3] This does not demonstrate more than that these defendants reasonably relied upon the judgment of the prison medical providers. That is not enough for liability. *See Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013); *Arocho v. Nafziger*, 367 F. App'x 942, 956 (10th Cir. 2010) (affirming dismissal of claim against warden that arose from grievance denial regarding Hepatitis-C treatment because reasonable reliance on judgment of medical professionals "negates rather than supports liability"); *see also, Jovel v. Berkebile*, 2015 WL 458074, *4 (D. Colo. July 28, 2015); *Karsten v. Davis*, 2013 WL 2120635, *11-12 (D. Colo. Apr. 26, 2013).

All of the KDOC Defendants are subject to dismissal from the § 1983 claim on the basis of lack of personal participation in the alleged constitutional violation.

---

[3] Defendants dispute that Plaintiff filed any grievances related to medical treatment for his Hepatitis-C infection.

**State Law Claims**

Plaintiff lists several state law causes of action in his amended complaint, including medical malpractice, the tort of outrageous conduct, battery, mistreatment of a confined person, breach of fiduciary duty, and negligence. However, he ties none of them to the KDOC Defendants specifically. As discussed above, he alleges only that Defendants failed to "take steps to get him treatment" and failed to "enforce the contract and make Corizon and its employees give plaintiff his treatment." ECF No. 25, at 10. While pro se pleadings must be liberally construed, Plaintiff makes no more than vague and conclusory allegations that fail to state a claim for any of the state law causes of action.

Furthermore, there are additional problems with Plaintiff's state law claims. "Medical malpractice is negligence of a healthcare professional in the diagnosis, care, and treatment of a patient." *Perkins v. Susan B. Allen Mem'l Hosp.*, 146 P.3d 1102, 1105 (Kan. App. 2006) (citing *Webb v. Lungstrum,* 575 P.2d 22 (Kan. 1978)). Plaintiff cannot state a claim against any of the KDOC Defendants for medical malpractice because none are healthcare professionals.

As for breach of fiduciary duty, Kansas courts have not recognized an action for breach of fiduciary duty in the prison context, and courts in other states have found no fiduciary duty between prison officials and prisoners. *See Hernandez v. Cate*, 2014 WL 6473769, *3 (C.D. Cal. Oct. 16, 2014) (no authority for proposition that as a general matter a California state prison official has a fiduciary relationship with a state prisoner with respect to conditions of confinement); *Rua v. Glodis*, 52 F. Supp. 3d 84, 100 (D. Mass. 2014) (no fiduciary duty owed by jail supervisor to pretrial detainee who alleged numerous constitutional violations including deliberate indifference to health).

Plaintiff also fails to state a claim against the KDOC Defendants for "the tort of outrageous conduct." The Court assumes Plaintiff is referring to the tort of outrage, which is the same as the tort of intentional infliction of emotional distress under Kansas law. *Hallam v. Mercy Health Center of Manhattan, Inc.*, 97 P.3d 492, 494 (Kan. 2004). To prove the tort of outrage, a plaintiff must show: (1) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the defendant's conduct and the plaintiff's mental distress; and (4) the plaintiff's mental distress was extreme and severe. *Smith v. Welch*, 967 P.2d 727, 733 (Kan. 1998). Setting aside the other elements, Plaintiff's two generalized, vague, and conclusory allegations about the KDOC Defendants' involvement in no way approach extreme and outrageous conduct.

Plaintiff is no more successful at stating a claim against the KDOC Defendants for battery. Battery is "the unprivileged touching or striking of one person by another, done with the intent of bringing about either a contact or an apprehension of contact[ ] that is harmful or offensive." *McElhaney v. Thomas*, 405 P.3d 1214, 1219–20 (Kan. 2017). Plaintiff has made no allegation that any of the KDOC Defendants touched him in any way.

Finally, mistreatment of a confined person is not a tort in Kansas. Rather, it is crime. *See* K.S.A. 21-5416. There is no indication that Kansas courts have found the criminal statute can be used as the basis for a civil action.

Because Plaintiff has failed to state a claim against the KDOC Defendants for any of the state law violations alleged in the amended complaint, these defendants are dismissed from the state law claims as well.

**Plaintiff's Motions**

Plaintiff has filed a Second Motion for Medical Malpractice Screening Panel (ECF No. 32), which was entered on the same day as the KDOC Defendants' Motion to Dismiss. Plaintiff then filed a motion for extension of time to respond to the motion to dismiss, which was granted, giving Plaintiff until October 21, 2019 to file a response. He has not done so. On November 22, 2019, Plaintiff filed a Request that All Proceedings be Stayed (ECF No. 40) on the basis of his motion requesting a screening panel.

Plaintiff argues that once a medical malpractice screening panel has been requested, all proceedings must be stayed until the panel reaches a conclusion. He cites *Roy v. Young*, 93 P.3d 172 (Kan. 2004). Plaintiff also acknowledges that his complaint includes an Eighth Amendment claim as well but states "the heart of the entire case is the medical malpractice rendered by Corizon and its contract employees." ECF No. 40, at 2.

The Court disagrees with Plaintiff's assertion that it is required to stay all proceedings upon filing a request for a screening panel. The statute itself does not provide for a stay of all proceedings, and Kansas Supreme Court Rule 142, which governs the procedure for malpractice screening panels, specifies the Court "*may* issue an order partially or completely staying discovery pending a screening panel's report." Kan. S. Ct. R. 142(g) (emphasis added). "But a stay is not required, and although Rule 142 suggests a stay, the Court recognizes this procedural rule has been previously construed as 'one to govern the procedure to be followed in the state courts of Kansas and not necessarily binding upon the procedure in federal courts.'" *Soto-Montes*, 2018 WL 1083260, at *5 (quoting *Roadenbaugh v. Correct Care Soluntions, LLC*, No. 08-2178-CM-CLR, 2009 WL 735136, at *2 (D. Kan. Mar. 19, 2009)).

The Court has considered Plaintiff's request that all proceedings be stayed and denies a stay as to the KDOC Defendants. The KDOC Defendants are not "healthcare providers" nor professional licensees subject to the medical malpractice screening process under K.S.A. 65-4901. *See Soto-Montes v. Corizon Health, Inc.*, No. 16-3052-JAR-GEB, 2018 WL 1083260, at *4 (D. Kan. Feb. 28, 2018). Therefore, there is no reason to stay ruling on their motion to dismiss until after a panel is convened and concludes its review.

The issue in *Roy* was whether the statute of limitations for the plaintiff's legal malpractice claim was tolled while the claim was pending before a malpractice screening panel. In the course of considering the question, the court states that if an action is already pending in court when a screening panel is requested, it is stayed pending the exhaustion of the screening panel procedures. *Roy*, 93 P.3d at 718. However, this was not a holding and was based on K.S.A. 65-4905, which provides, "In the event that one or more of the parties reject the final determination of the screening panel, the plaintiff may proceed with the action in the district court." Where, as here, a party is not properly a defendant to the claim and is not subject to the screening panel procedure, the statute and the reasoning in *Roy* is inapplicable.

Therefore, Plaintiff's Request that All Proceedings be Stayed (ECF No. 40) is denied as to the KDOC Defendants' Motion to Dismiss. Further ruling on the motion for stay and on Plaintiff's motion for the screening panel (ECF No. 32) is deferred until after reassignment of this case.

## Conclusion

For the reasons discussed above, the Motion to Dismiss (ECF No. 29) filed by the KDOC Defendants is granted. Defendants Goddard, Ross, Burris, Roberts, and Pryor are dismissed

from this action. Plaintiff's claims against the remaining defendants, Corizon Health, Inc., (FNU) Brundage, and Rebecca (LNU), are not affected by this Order.

**IT IS THEREFORE ORDERED** the Motion to Dismiss (ECF No. 29) filed by Defendant Goddard, Ross, Burris, Roberts, and Pryor is **granted**. These defendants are dismissed from this action.

**IT IS FURTHER ORDERED** Plaintiff's Request that All Proceedings be Stayed (ECF No. 40) is **denied** as to the Motion to Dismiss, with further ruling deferred at this time.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 25th day of February, 2020.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**