# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

    Plaintiff,

v.

CORIZON HEALTH, INC. *ET AL.*,

    Defendants,

Case No. 18-3119-EFM-ADM

## **MEMORANDUM AND ORDER**

This matter comes before the court on *pro se* plaintiff Jeffrey J. Sperry's Renewed Motion for Medical Malpractice Screening Panel. (ECF No. 32.) Mr. Sperry asserts claims against defendants Corizon Health, Inc. and two of its nurses, Amber Brundage and Rebecca Talbert (collectively, "the Corizon defendants"), arising from their care and treatment of Mr. Sperry while he was in custody of the Kansas Department of Corrections ("KDOC"). Mr. Sperry asks the court to refer this case to a medical malpractice screening panel pursuant to KAN. STAT. ANN. § 65-4901 and requests that this case remain stayed during the panel's review. The Corizon defendants oppose the motion.[1] The court denies Mr. Sperry's request for a stay and denies the motion for a screening panel as to Corizon Health because Mr. Sperry has not established that Corizon Health

---

[1] Mr. Sperry filed this motion on August 16, 2019, and requested that the court stay these proceedings on November 22. (ECF Nos. 32, 40.) The Corizon defendants did not respond to the motion until March 3, 2020. They justified their delayed filing on the grounds that the district judge's order granting the now-dismissed co-defendants' motion to stay discovery and related Rule 26 activities also stayed briefing on the instant motion. The court disagrees. The district judge's order only stayed "[d]iscovery and related proceedings under Fed. R. Civ. P. 26" pending a ruling on the co-defendants' dispositive motion. (ECF No. 35.) Briefing on the current motion did not constitute discovery or Rule 26 activities, and therefore the Corizon defendants' response is untimely. Nevertheless, the court will consider it because the undersigned would reach the same conclusion regardless.

is a health care provider or that he timely filed his original motion as to Corizon Health. The court denies the remainder of the motion without prejudice to refiling because the court cannot determine on this record whether the motion is timely as to Ms. Brundage and Ms. Talbert. The court is also mindful that Mr. Sperry is proceeding *pro se*, and so this order is intended to put him on notice of issues the court will expect him to address in any renewed motion for a screening panel as to his claims against Ms. Brundage and Ms. Talbert.

I.  **BACKGROUND**

Mr. Sperry is incarcerated at the El Dorado Correctional Facility and proceeds *pro se*. This case originates from a broad complaint that he filed on November 7, 2016, in which he asserted various claims against numerous prison officials and related entities. (*See Sperry v. Wildermuth*, 16-3222-SAC, ECF No. 1.) On May 9, 2018, the court severed four of the counts Mr. Sperry asserted in his amended complaint into four separate suits, including this one. (*Id.*, ECF No. 28.) This case involves allegations that defendants failed to notify Mr. Sperry that he tested positive for Hepatitis-C for over a year and then failed to provide him with treatment. He asserts a claim under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment and "conspiracy to violate his civil rights." (ECF No. 1, at 10.) He also asserts Kansas state law claims for medical malpractice, outrageous conduct, battery, mistreatment of a confined person, breach of fiduciary duty, and negligence. (*Id.*)

On October 18, 2018, the court issued a summons to Corizon Health and issued waivers of service to Ms. Brundage and Ms. Talbert. (ECF No. 10.) Corizon Health was served on October 29, 2018. (ECF No. 12.) The docket does not reflect whether Ms. Brundage or Ms. Talbert returned executed waivers of service. In December of 2018, Mr. Sperry filed his first motion requesting that the court convene a medical malpractice screening panel. Mr. Sperry dated the

motion December 19, but it was not filed until December 31. (ECF No. 14.) The previously assigned district judge denied this original motion without prejudice because the court had ordered a *Martinez* report and had not yet screened Mr. Sperry's claims. (ECF No. 18.) The KDOC filed the *Martinez* report on May 9, 2019. (ECF No. 24.)

On August 16, Mr. Sperry filed a renewed motion for a medical malpractice screening panel. (ECF No. 32.) On November 22, he filed a request that all proceedings in this case be stayed until the medical malpractice screening panel concludes its proceedings. (ECF No. 40.)

Meanwhile, the KDOC defendants moved to dismiss Mr. Sperry's claims against them or, in the alternative, for summary judgment. (ECF No. 29.) On February 25, 2020, the court granted the KDOC defendants' motion. (ECF No. 42.) The court deferred ruling on Mr. Sperry's renewed motion for a screening panel and request for a stay pending reassignment of this case to a different district judge and a newly assigned magistrate judge. (*Id.*)

## II. ANALYSIS

### A. Request for Stay

Mr. Sperry asks the court to stay all proceedings in this case until the medical malpractice screening panel that he has requested concludes its proceedings. The court has broad discretion to determine whether to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, the Tenth Circuit has cautioned that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). The court has discretion whether to stay a case pending review by a medical malpractice screening panel. *Sperry v. Corizon Health, Inc.*, No. 18-3119-SAC, 2020 WL 905745, at *4 (D. Kan. Feb. 25, 2020); KAN. S.C. RULE 142(g)

3

(stating that the "judge *may* issue an order partially or completely staying discovery pending a screening panel's report" (emphasis added)).

Here, a stay of proceedings is not warranted at this time or if the court ultimately convenes a screening panel. A stay is not currently warranted because, as explained below, the court is denying Mr. Sperry's motion for a screening panel. That said, the court recognizes the possibility that plaintiff may file yet another renewed motion for a screening panel because the court is denying his motion without prejudice as to his claims against Ms. Brundage and Ms. Talbert. But even if the court ultimately orders a screening panel as to those claims, the court will not stay this case because the panel would only evaluate Mr. Sperry's professional negligence claims against two of the three remaining defendants, which is only a portion of the case. Mr. Sperry's medical malpractice claim is but one of a handful of state-law claims he asserts in addition to a § 1983 claim stemming from the alleged violation of his Eighth Amendment rights. A screening panel's findings regarding alleged medical negligence would not bear on the other claims, and so delaying the entire case would unnecessarily delay resolution of those claims. *See Roadenbaugh v. Correct Care Sols.*, No. 08-2178-CM, 2009 WL 1873796, at *2 (D. Kan. June 30, 2009) (granting summary judgment in favor of defendant on a § 1983 claim even though a medical malpractice screening panel had not yet issued its report on a separate medical malpractice claim).

Furthermore, the Corizon defendants argue they would be prejudiced by a stay because they plan to file a dispositive motion soon and convening a screening panel would only delay the outcome of the motion. (ECF No. 44, at 4.) Notably, in ruling on the now-dismissed co-defendants' dispositive motion, the previously assigned district judge decided issues that appear to apply equally to many of Mr. Sperry's claims against the Corizon defendants. *See Sperry*, 2020 WL 905745, at *4 (noting that Mr. Sperry's outrage claim asserts only generalized, vague, and

4

conclusory allegations that do not approach extreme and outrageous conduct; that his battery claim failed to allege unprivileged touching; and that mistreatment of a confined person is not a recognized tort in Kansas). The court is therefore persuaded that the Corizon defendants would be prejudiced if the court were to stay the case.

### B. Motion for a Medical Malpractice Screening Panel

The Kansas Medical Malpractice Screening Panels Act, KAN. STAT. ANN. § 65-4901, *et seq.*, establishes a mechanism by which the court may convene a screening panel. It sets forth the procedure for appointing panel members and lists steps a panel must follow. Among other things, the Act provides that, "if a petition is filed in a district court of this state claiming damages for personal injury or death on account of alleged medical malpractice of a health care provider and one of the parties to the action requests . . . that a medical malpractice screening panel be convened, the judge of the district court shall convene a medical malpractice screening panel[.]" KAN. STAT ANN. § 65-4901(a). In addition, Kansas Supreme Court Rule 142 sets forth procedures for state district courts to follow with respect to medical malpractice screening panels, which courts in this District generally also follow.

#### 1. Corizon Health

Mr. Sperry's motion is denied as to Corizon Health for at least two reasons. First, prior decisions in this District establish that Corizon Health is not a health care provider that is subject to the medical malpractice screening panel procedure, and Mr. Sperry has not provided any reason for the court to distinguish those prior decisions. Second, Mr. Sperry has not established that he filed a timely motion for a screening panel as to Corizon Health.

Kansas Supreme Court Rule 142(b)(1)(B) defines "defendant" as a "health care provider or professional licensee against whom a claim has been made." Corizon Health is a business entity, not a professional licensee, and therefore the court evaluates whether it meets the definition of a

5

"health care provider." To define this term in prior cases, Magistrate Judges Rushfelt and Birzer looked to the Kansas Health Care Provider Insurance Availability Act. *See Soto-Montes v. Corizon Health, Inc.*, No. 16-3052-JAR-GEB, 2018 WL 1083260, at *3-*4 (D. Kan. Feb. 28, 2018) (relying on KAN. STAT ANN.§ 40-3401(f)); *Roadenbaugh v. Correct Care Solutions, LLC*, No. 08-2178-CM-GLR, 2009 WL 735136, at *2 (D. Kan. Mar. 19, 2009) (recognizing that Magistrate Judge Rushfelt relied on the statutory definition of health care provider set forth in KAN. STAT ANN.§ 40-3401(f)). That statute defines a health care provider in several ways, in relevant part as follows:

> ... a person licensed to practice [or who holds a temporary permit to practice] any branch of the healing arts by the state board of healing arts; ... a medical care facility licensed by the state of Kansas; ... a Kansas limited liability company organized for the purpose of rendering professional services by its members who are health care providers ... and who are legally authorized to render the professional services for which the limited liability company is organized; a partnership of persons who are health care providers under this subsection; [or] a Kansas not-for-profit corporation organized for the purpose of rendering professional services by persons who are health care providers as defined by this subsection.

KAN. STAT ANN.§ 40-3401(f). Both times, Magistrate Judges Rushfelt and Birzer found that Corizon Health and its predecessor to the KDOC contract, Contract Care Solutions, LLC ("CCS"), do not meet the definition of health care provider and therefore claims against them are not subject to evaluation by a medical malpractice screening panel under Kansas law. *See Soto-Montes*, 2018 WL 1083260, at *3-*4 (Corizon Health); *Roadenbaugh*, 2009 WL 735136, at *2 (CCS).

As Magistrate Judge Birzer explained, Corizon Health is a corporate entity that contracts with the KDOC to provide consultation, management, and operational responsibility for health services in KDOC facilities. *See Soto-Montes*, 2018 WL 1083260, at *4. Although Corizon Health is involved with providing medical services, "the Kansas Supreme Court has noted a clear statement of public policy that general corporations who have unlicensed directors or shareholders

6

are not authorized to practice the healing arts." *Id.* (internal quotations omitted). Therefore, "[b]ecause Corizon is not an individual licensed to provide medical services, is not owned by physicians, and does not consist of exclusively physician members, it is not a 'health care provider' subject to the screening panel requirement." *Id.* Thus, Corizon Health "is not a health care provider for purposes of a malpractice action." *Flores v. Nickelson*, No. 16-3022-JAR-JPO, 2019 WL 1228234, at *4 (D. Kan. Mar. 15, 2019).

Mr. Sperry does not address these prior decisions or set forth any reason why Corizon Health would qualify as a "health care provider" that is subject to the medical malpractice screening statute under Kansas law. In the absence of any distinguishable facts or argument to the contrary by Mr. Sperry, the present record provides no basis for this court to distinguish the prior decisions of this court. Accordingly, Mr. Sperry has not established that Corizon Health is a health care provider that is subject to the medical malpractice screening panel procedure.

In addition, Mr. Sperry has not established that he filed his original motion for a screening panel as to his claims against Corizon Health by the deadline to do so. "A party may request a screening panel by filing a written request . . . no later than 60 days after the defendant subject to the screening panel is served with process." KAN. S.C. RULE 142(c). Although the parties do not address the timeliness of Mr. Sperry's original motion, the docket shows that Corizon Health was served on October 29, 2018. (*See* ECF No. 12.) This means that Mr. Sperry was required to file any motion for a screening panel as to his claims against Corizon Health by December 28. Mr. Sperry dated his motion December 19, but did not file it until December 31.[2] (*See* ECF No. 14.)

---

[2] Mr. Sperry does not invoke the prison mailbox rule. The undersigned need not decide whether the prison mailbox rule applies to a request for a medical malpractice screening panel because, regardless, the person invoking the rule bears the burden of proving it applies, and Mr.

7

The date of filing governs and therefore Mr. Sperry's motion was untimely. *See, e.g., Warner v. Floyd*, No. CV 16-4143-SAC-KGS, 2018 WL 742359, at *4 (D. Kan. Feb. 7, 2018) (applying the sixty-day deadline in a medical malpractice case and concluding the request was untimely); *Cox v. Ann*, No. CIV.A. 12-2678-KHV, 2014 WL 1011679, at *1 (D. Kan. Mar. 14, 2014) (same), *objections overruled,* No. 12-2678-DDC-GLR, 2014 WL 12900850 (D. Kan. June 12, 2014); *Ellibee v. Chappas*, No. 03-3023-JAR, 2006 WL 1192941, at *3 (D. Kan. May 3, 2006) (same, in a legal malpractice case).

### 2. Ms. Brundage and Ms. Talbert

Mr. Sperry's motion as it relates to his claims against Ms. Brundage and Ms. Talbert does not necessarily appear to suffer from the same fatal flaws. For one, Ms. Brundage and Ms. Talbert are registered nurses and therefore they are presumably licensed by the Kansas State Board of Nursing (although no party provides specific information). If so, they would qualify as "professional licensees" who may be subject to the medical malpractice screening panel procedure.

However, the court cannot determine whether Mr. Sperry's original motion was timely as to Ms. Brundage and Ms. Talbert because the docket does not reflect any record of service or of returns of the waivers of service for them. For this reason, the court denies the motion without prejudice to refiling as to Mr. Sperry's request for a panel as it pertains to Ms. Brundage and Ms. Talbert. If Mr. Sperry files a renewed motion, Ms. Brundage and Ms. Talbert must address the issue of timeliness in their response brief.

If Mr. Sperry files a renewed motion, the court also directs him to address how he plans to comply with other requirements associated with a screening panel given his status as a *pro se*

---

Sperry has neither invoked it nor proven it. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (stating the inmate bears the burden of proof).

incarcerated plaintiff with limited resources. Specifically, each panelist must be paid a total of $500 for the work performed, and the chairperson must be paid $750 for the work performed, all in addition to these individuals' reasonable travel expenses. KAN. STAT. ANN. § 65-4907(a). These costs, including travel expenses and other expenses, "shall be paid by the side in whose favor the majority opinion is written" or they shall be split evenly by each side if the panel is unable to make a recommendation. KAN. STAT. ANN. § 65-4907(b). It is not readily apparent how Mr. Sperry would pay for these expenses were he to be taxed with them. Any renewed motion must address this issue.

In addition, if the court convenes a medical malpractice screening panel, the parties will have fourteen days to select the other panel members, and Mr. Sperry will have thirty days to provide the chairperson with "all medical records, medical care facility records, x-rays, test results, treatises, documents, tangible evidence, and written contentions on which the plaintiff relies." KAN. S.C. RULE 142(e), (h). The undersigned will expect Mr. Sperry to timely comply with these requirements while also prosecuting this case because, as explained above, the court will not stay this case pending review by a medical malpractice screening panel.

Any renewed motion must inform the court whether and how Mr. Sperry is prepared to comply with these time-sensitive deadlines. Mr. Sperry is also put on notice that the undersigned will not appoint counsel solely on the grounds that Mr. Sperry has elected to invoke an optional screening proceeding that is ancillary to this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Medical Malpractice Screening Panel (ECF No. 32) is denied as to Corizon Health and denied without prejudice to refiling as to Ms. Brundage and Ms. Talbert. Mr. Sperry's request for a stay is denied.

**IT IS SO ORDERED.**

Dated March 19, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge