## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

    Plaintiff,

    v.

CORIZON HEALTH, INC. *et al.*,

    Defendant,

Case No. 18-3119-EFM-ADM

## **ORDER**

    This matter comes before the court on Plaintiff Jeffrey J. Sperry's Motion for Appointment of Counsel. (ECF No. 52.) For the reasons explained below, Mr. Sperry's motion is denied.

    "There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, Congress has provided courts with the statutory authority to appoint counsel in certain circumstances. For example, Title VII of the Civil Rights Act of 1964 ("Title VII") provides courts with the discretionary authority to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Another statutory basis for appointment of counsel authorizes the court to appoint counsel for a plaintiff proceeding *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(1). But Mr. Sperry does not assert Title VII claims, and he is not proceeding IFP. The court denied his IFP motion as moot after he paid the $400 filing fee. (ECF No. 9.)

    Mr. Sperry has not explained on what basis he seeks appointment of counsel, but even if he were proceeding IFP, appointment of counsel under § 1915(e)(1) is not warranted. The statute provides the district court with "discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per

curiam).  But the court must also be mindful that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."  *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  In deciding whether to appoint an attorney to represent an indigent party, the court considers the: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The fact that counsel could assist in presenting the "strongest possible case" is not enough because "the same could be said in any case."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel."  *Id.*

Mr. Sperry asserts a claim under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment and "conspiracy to violate his civil rights." (ECF No. 1, at 10.)  He also asserts Kansas state law claims for medical malpractice, outrageous conduct, battery, mistreatment of a confined person, breach of fiduciary duty, and negligence.  (*Id.*) His motion for appointment of counsel does not directly address the merits of his claims beyond stating that he has not filed a frivolous case.  But in ruling on the now-dismissed co-defendants' dispositive motion, the previously assigned district judge noted that Mr. Sperry's outrage claim asserts only generalized, vague, and conclusory allegations that do not approach extreme and outrageous conduct; that his battery claim failed to allege unprivileged touching; and that mistreatment of a confined person is not a recognized tort in Kansas.  *See Sperry v. Corizon Health, Inc.*, No. 18-3119-SAC, 2020 WL 905745, at *4 (D. Kan. Feb. 25, 2020).  These specific claims do not appear particularly meritorious based on the district judge's reasoning dismissing these

same claims against co-defendants based on pleading deficiencies. The factual and legal issues also do not appear to be overly complex; they largely concern the timeline of events surrounding Mr. Sperry's diagnosis and the alleged delay in providing treatment for his Hepatitis C. Mr. Sperry also contends that he has little time to conduct legal research because he works a full-time job at the facility where he is housed, and he notes that he is litigating three separate suits he has filed. He also states that COVID-19 has hampered the operation of the prison and court system, but he does not explain how any specific procedures have presented hurdles in terms of prosecuting his case. Other incarcerated *pro se* litigants face the same types of challenges with limited time to prosecute their cases. But Mr. Sperry's filings demonstrate that he has taken a fairly active role in this case, recently filing three motions this week alone. The filings also demonstrate an adequate ability to communicate with the court and opposing counsel.

On balance, the relevant factors weigh against appointment of counsel under § 1915(e)(1) even if Mr. Sperry had been granted IFP status. For these reasons, the court denies his motion.

**IT IS THEREFORE ORDERED** that Plaintiff Jeffrey J. Sperry's Motion for Appointment of Counsel (ECF No. 52) is denied.

**IT IS SO ORDERED.**

Dated April 29, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge