IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY J. SPERRY,

    Plaintiff,

    v.

CORIZON HEALTH, INC. *et al.*,

    Defendant,

Case No. 18-3119-EFM-ADM

### ORDER

This matter comes before the court on Plaintiff Jeffrey J. Sperry's Motion for Reconsideration Out of Time (ECF No. 53). For the reasons explained below, the motion is denied.

On March 19, 2020, the court ruled on Mr. Sperry's renewed motion for a medical malpractice screening panel. (ECF No. 45.) The court (1) denied Mr. Sperry's request for a stay of proceedings; (2) denied his motion for a screening panel as to Defendant Corizon Health, Inc.; and (3) denied the motion for a screening panel as to Defendants Amber Brundage and Rebecca Talbert ("the individual defendants") without prejudice because the court could not determine on the record before it whether Mr. Sperry's motion was timely as to those defendants. (*Id.* at 1-2.) The court instructed that any renewed motion to convene a screening panel as to the individual defendants must also address whether Mr. Sperry was prepared to comply with several logistical hurdles associated with convening a screening panel. (*Id.* at 8.) Mr. Sperry now seeks leave to file a motion for reconsideration of the March 19 order out of time.

D. KAN. RULE 7.3(b) provides that a motion to reconsider a non-dispositive order must be filed within 14 days after the order is filed unless the court extends the time period. Motions filed

beyond that period are subject to denial as untimely. *See, e.g., Wilson v. Hous. Auth. of Silver Lake, Kansas*, No. 19-04026-HLT-ADM, 2019 WL 2925588, at *1 (D. Kan. July 8, 2019) (denying a motion as untimely when it was filed beyond the 14-day period); *Bowers v. Mortg. Elec. Registration Sys.*, No. 10-4141-JTM, 2012 WL 359763, at *1 (D. Kan. Jan. 31, 2012) (same); *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *5 (D. Kan. Apr. 18, 2011) (same).

The court entered the underlying order on March 19, making any motion for reconsideration due by April 2. The present motion was filed on April 28, nearly four weeks after the deadline. According Mr. Sperry, he did not receive the court's order until April 3, because "due to the COVID-19 pandemic, the prison's routine has been seriously disrupted, as too has been the court's." (ECF No. 53, at 1.) This is not an entirely accurate assessment of operations in the District of Kansas. While in-person hearings and trials have been affected, pretrial proceedings in civil cases like Mr. Sperry's have largely been moving forward. In fact, the court mailed a copy of the March 19 order to Mr. Sperry the day the undersigned ruled. (*See* text entry describing service accompanying ECF No. 53.) While some delay may be excusable if the facility where Mr. Sperry is housed has adopted procedures that would delay receipt of court mail, Mr. Sperry has not provided any specific details in this regard. Moreover, even after receiving the court order on April 3, Mr. Sperry still waited weeks to file the motion for reconsideration, noting his limited time to conduct additional legal research and the facility's "cancellation of the library for several days in April." (ECF No. 53, at 1.) A closure of "several days" does not explain the delay of more than three weeks before filing this motion. Based on the limited information Mr. Sperry provides, the court does not find good cause to extend the 14-day time period set out in D. KAN. RULE 7.3(b), and therefore the court denies Mr. Sperry's motion for leave to file out of time.

Even if Mr. Sperry had timely filed his motion for reconsideration, the court would still deny the motion on the merits. The court has discretion whether to grant a motion to reconsider. *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995). A motion for reconsideration of a nondispositive order must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. KAN. RULE 7.3(b). "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed." *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010). Rather, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Sperry argues that the court committed clear error in multiple respects, which the court summarizes into three categories. Mr. Sperry contends that, contrary to the March 19 order: (1) Corizon is a health care provider subject to the Kansas Medical Malpractice Screening Panels Act, and his motion was timely as to Corizon; (2) the medical malpractice claims against the individual defendants are subject to a screening panel; and (3) the court is required to stay this case pending a screening panel's review. None of these arguments meet the standard for reconsideration.

The court's March 19 order relied on a line of cases that found Corizon Heath and its predecessor were not a "health care provider" subject to the Act. *See Sperry v. Corizon Health, Inc.*, No. 18-3119-EFM-ADM, 2020 WL 1303966, at *3 (D. Kan. Mar. 19, 2020) (citing *Flores v. Nickelson*, No. 16-3022-JAR-JPO, 2019 WL 1228234, at *4 (D. Kan. Mar. 15, 2019); *Soto-Montes v. Corizon Health, Inc.*, No. 16-3052-JAR-GEB, 2018 WL 1083260, at *3-*4 (D. Kan. Feb. 28, 2018); *Roadenbaugh v. Correct Care Solutions, LLC*, No. 08-2178-CM-GLR, 2009 WL 735136,

3

at *2 (D. Kan. Mar. 19, 2009)). This court reached the same conclusion, noting that Mr. Sperry had not addressed these decisions or set forth any reason why Corizon would qualify as a "health care provider" subject to the Act. *Id.* at *4 ("In the absence of any distinguishable facts or argument to the contrary by Mr. Sperry, the present record provides no basis for this court to distinguish the prior decisions of this court."). Mr. Sperry's motion for reconsideration makes several arguments why Corizon is a health care provider under the Act, but all of these arguments were available to Mr. Sperry and capable of being raised on his initial motion—particularly when Corizon raised the issue in response to Mr. Sperry's motion, putting Mr. Sperry on notice of its position.

Mr. Sperry also makes additional arguments about why his motion was timely as to Corizon, largely arguing that the Prison Mailbox Rule would apply to the request and making other arguments concerning the date of docketing the return of summons. The court summarily rejects these arguments, noting that most were capable of being raised on the initial round of briefing and that many of Mr. Sperry's statements are factually or legally inaccurate. Additionally, the court's denial of the screening panel as to Corizon was largely based on its conclusion that Corizon was not subject to the Act. Even if Mr. Sperry's motion had been timely filed, it would not have changed the outcome of the motion as to this entity. While the court will grant Mr. Sperry some leeway because of his *pro se* status, the court will not allow him to essentially re-brief motions already decided because he failed to make his strongest argument the first time around. This is not an appropriate basis for the court to reconsider the underlying order. *See, e.g., Faith Techs., Inc. v. Fid. & Deposit Co. of Maryland*, No. CIV.A. 10-2375-KHV, 2011 WL 3793970, at *6 (D. Kan. Aug. 25, 2011) (denying a motion to reconsider where an argument was capable of being raised on the initial briefing).

Mr. Sperry also makes several arguments as to why he contends the court must convene a screening panel as to the medical malpractice claims against the individual defendants, and he advances several arguments about why the motion would be timely. For these individuals, the court denied Mr. Sperry's motion without prejudice to refiling because the court could not determine whether his motion was timely. *Sperry*, 2020 WL 1303966, at *4. "A party may request a screening panel by filing a written request ... no later than 60 days after the defendant subject to the screening panel is served with process." KAN. S.C. RULE 142(c). However, because the docket does not reflect any record of service or returns of waivers of service, the court could not evaluate timeliness. The court granted Mr. Sperry leave to file a renewed motion (which he has not) and instructed that the *individual defendants* must address the issue of timeliness in their response brief. In short, the individual defendants have the information the court requires; the court and Mr. Sperry do not. Mr. Sperry may still file a renewed motion, but the court will not construe his motion for reconsideration as a renewed motion for a medical malpractice screening panel, particularly when he raises issues extending beyond what the court has stated it would consider in a renewed motion.

Finally, Mr. Sperry argues the court is required to stay proceedings while a medical malpractice screening panel is convened. He relies on the Kansas Supreme Court case *Roy v. Young*, in support. 93 P.3d 712 (2004). In dicta, *Roy* states that "[i]f a district court action is pending, it is stayed pending the exhaustion of the screening panel procedures." *Id.* at 718. Even considering *Roy*, Mr. Sperry's argument fails in two respects. First, the court has not convened a medical malpractice screening panel, and so a stay pending a panel's review is unwarranted. Second, the previously assigned district judge rejected an identical argument based on *Roy* advanced by Mr. Sperry, noting that the statute itself does not provide for a stay of all proceedings

5

and that K<small>AN</small>. S.C. R<small>ULE</small> 142(g) provides that the court "*may* issue an order partially or completely staying discovery pending a screening panel's report." *Sperry v. Corizon Health, Inc.*, No. 18-3119-SAC, 2020 WL 905745, at *4 (D. Kan. Feb. 25, 2020).

For the reasons stated above, Mr. Sperry has not established good cause for the court to extend the 14-day period set out in D. K<small>AN</small>. R<small>ULE</small> 7.3(b), and so the court denies his motion for leave to file his motion for reconsideration out of time. The court would separately deny the motion for reconsideration on the merits, had Mr. Sperry timely filed his motion.

**IT IS THEREFORE ORDERED** that Plaintiff Jeffrey J. Sperry's Motion for Reconsideration Out of Time (ECF No. 53) is denied.

**IT IS SO ORDERED.**

Dated April 30, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge