**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JEFFREY J. SPERRY,

    Plaintiff,

    v.

CORIZON HEALTH, INC. *ET AL.*,

    Defendants,

Case No. 18-3119-EFM-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on *pro se* Plaintiff Jeffrey J. Sperry's Motion for Permission to Amend Complaint. (ECF No. 57.) Mr. Sperry asserts claims against the company providing medical treatment to inmates and two of its nurses stemming from care and treatment he received for Hepatitis-C. He now seeks leave to amend his complaint to name six additional individual defendants who were involved with his care and treatment. Defendants oppose Mr. Sperry's motion on the grounds of untimeliness under the scheduling order, undue delay, undue prejudice, and futility of the amendment. For the reasons explained below, the court finds that Mr. Sperry has not shown good cause to extend the scheduling order deadline to allow for his untimely motion to amend. And because the proposed amended complaint is based on facts that appear to have been known to Mr. Sperry for more than a year, he has unduly delayed in seeking to amend, and defendants would be unduly prejudiced by significant amendments at this late stage of the case. Although defendants also argue that Mr. Sperry's claims against these defendants are subject to dismissal and are therefore futile, the court cannot reach this conclusion on the present record. For these reasons, the court denies Mr. Sperry's motion.

**I.      BACKGROUND**

Mr. Sperry is incarcerated at the El Dorado Correctional Facility and proceeds *pro se*. This case originates from a broad complaint that he filed on November 7, 2016, in which he asserted various claims against numerous prison officials and related entities. (*See Sperry v. Wildermuth*, 16-3222-SAC, ECF No. 1.) On May 9, 2018, the court severed the claims Mr. Sperry asserted in his amended complaint into four separate suits, including this one. (*Id.*, ECF No. 28.) This case involves allegations that defendants failed to notify Mr. Sperry that he tested positive for Hepatitis-C for over a year and then failed to provide him with treatment. He asserts a claim under 42 U.S.C. § 1983 for violations of his Eighth Amendment right to be free from cruel and unusual punishment and a conspiracy to violate his civil rights. (ECF No. 1, at 10.) He also asserts Kansas state law claims for medical malpractice, outrage, battery, mistreatment of a confined person, breach of fiduciary duty, and negligence. (*Id.*) The remaining defendants include Corizon Health, Inc., and Rebecca Talbert and Amber Brundege, two registered nurses employed by Corizon (collectively "the Corizon defendants").

The Kansas Department of Corrections ("KDOC") filed a *Martinez* report on May 9, 2019, that provides additional details about the facts giving rise to Mr. Sperry's claims and attaches Mr. Sperry's medical records. (ECF No. 24.) Those records provide the names of other individuals who rendered treatment to Mr. Sperry and additional information about the course and scope of his medical care.

The court issued a scheduling order on March 4, 2020. (ECF No. 22.) Among other things, the scheduling order established April 20 as the deadline for motions to amend the pleadings and a discovery deadline of August 20. On April 27, Mr. Sperry filed a motion to amend his complaint. (ECF No. 50.) The motion requested leave to file an amended complaint to add defendants and to

2

clarify facts, but the motion did not specify any defendants Mr. Sperry sought to add. Rather, it appeared that Mr. Sperry sought leave to plead that: (1) the statute of limitations did not accrue until Mr. Sperry's Hepatitis-C was treated and cleared; (2) the statute of limitations for acts controlled by a written contract, like a healthcare contract, is three years; and (3) he was unable to obtain his medical records until the KDOC filed a *Martinez* report. (ECF No. 51.) The court characterized the first two contentions as more in the vein of legal conclusions rather than claims that must be pleaded or facts alleged in support of the claims. (*Id.* at 1.) The court characterized the third contention as a factual allegation that did not appear to relate to any remaining claim. (*Id.*) Regardless, because Mr. Sperry did not attach his proposed pleading as required by D. KAN. RULE 15.1(a), the court denied the motion without prejudice to refiling.

Mr. Sperry filed this renewed motion to amend on May 11, seeking leave to add six Corizon healthcare providers as party defendants to what is largely the same claims as already pleaded, with the exception that it appears Mr. Sperry seeks to drop his claim for mistreatment of a confined person. *See Sperry v. Corizon Health, Inc.*, No. 18-3119-SAC, 2020 WL 905745, at *4 (D. Kan. Feb. 25, 2020) (dismissing codefendants from this case and finding that mistreatment of a confined person is not a recognized tort in Kansas). According to Mr. Sperry, he could not obtain his medical records until the KDOC filed the *Martinez* report. The Corizon defendants oppose the motion on the grounds that it is untimely under the scheduling order, undue delay, undue prejudice, and futility of the amendment. The court addresses each of these arguments below.

## II.     ANALYSIS

Because Mr. Sperry is moving to amend after the deadline set in the scheduling order, he must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P. 15(a). *Gorsuch, Ltd.,*

*B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  As discussed below, Mr. Sperry has not established good cause, and the Corizon defendants have shown undue delay and undue prejudice.

### A.  Mr. Sperry has not Established Good Cause Under Rule 16(b)(4).

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts."  *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018).  Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240.  On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.*

The Corizon defendants contend that good cause does not exist.  They note that Mr. Sperry has had access to the *Martinez* report since May 9, 2019, and that he has had every opportunity to amend his complaint prior to the April 20 deadline but did not do so.  Mr. Sperry does not address these arguments.  Instead, he focuses on the timeliness of his first motion to amend, which the court already decided, and the prison mailbox rule, which the court addresses separately below.

While the undersigned is prepared to grant Mr. Sperry some leeway given his status as a *pro se* incarcerated plaintiff, Mr. Sperry declined to address the applicable legal standard even though the Corizon defendants' brief put Mr. Sperry on notice regarding the deficiency.  For example, Mr. Sperry does not set forth his own diligence during the time period between when he received the medical records to nearly a year later when he moved to amend; he does not explain his diligence in attempting to understand or research procedural requirements when he filed his

4

first motion to amend; and he does not explain his diligence between the time he filed his first motion to amend and the present motion to amend. While the record suggests that Mr. Sperry did not understand the local rules' requirements for a motion to amend, he has declined to set forth any examples of his own diligence beyond simply noting that he previously filed a procedurally deficient motion arguably within the deadline. Because the court cannot find good cause to extend the scheduling order deadline, the court denies Mr. Sperry's motion as untimely. *See Husky Ventures*, 911 F.3d at 1019 (the court can deny a motion to amend for failure to show good cause within the meaning of Rule 16(b)(4)); *see also Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (affirming denial for lack of good cause where the movant neglected to articulate any rationale for the untimeliness of the motion to amend).

### B. The Corizon Defendants have Shown Undue Delay and Undue Prejudice.

In addition to denying Mr. Sperry's motion based on untimely under the scheduling order, the court also denies the motion under a Rule 15 analysis. Once a party has filed a responsive pleading, the opposing party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotations omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson*, 606 F.3d at 1267 (in the absence of such a showing, amendment should be allowed); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of the remaining *Forman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240. In this case, the Corizon defendants oppose the motion on the grounds of undue delay, undue prejudice, and futility of the amendment. The court addresses each of these arguments.

### 1. Undue Delay

Delay alone is not enough to deny a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). At some point, however, delay becomes undue when it places an unwarranted burden on the court or when it becomes prejudicial by placing an unfair burden on the opposing party. *Id.* The district court must focus primarily on the reasons for the delay. *Id.* Denial of leave to amend is appropriate when the movant lacks an adequate explanation for the delay. *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010).

By Mr. Sperry's own account, he learned of the facts giving rise to the proposed amendments when the KDOC filed the *Martinez* report and accompanying medical records on May 9, 2019. (ECF No. 57, at 1; ECF No. 57-1, at 7.) But he provides no explanation as to why he waited nearly a year to seek to add health care providers whose names and roles were contained in those records. Because Mr. Sperry has no adequate reason for his nearly year-long delay, the court finds the delay is undue and supports the denial of the motion.

Mr. Sperry focuses on the "prison mailbox rule" in addressing the timeliness of his motion. He contends that his motion is timely under the "prison mailbox rule" and is deemed filed as of April 20 because "the certification clearly states that the motion was turned over to prison officials for efiling on April 20, 2020, and the motion was considered filed on that date." (ECF No. 63, at 1.)

The prison mailbox rule provides that a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing before the filing deadline, even if the court does not receive the mailing before the deadline. *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). The Tenth Circuit has also construed the prison mailbox rule to apply to certain other filings, like a federal inmate's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, a state prisoner's habeas petition under 28 U.S.C. § 2254, and a civil rights complaint. *See id.* (collecting cases). The Tenth Circuit has not addressed whether or to what extent the prison mailbox rule applies to motions to amend. *But see Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 n.4 (11th Cir. 2001) (assuming without deciding that the prison mailbox rule applies to motions to amend).

Regardless, Mr. Sperry has not properly invoked the rule here.[1] Mr. Sperry focuses on his first-filed motion to amend, which states that he gave the motion to prison officials on April 20, which was the deadline under the scheduling order. (*See* ECF No. 50, at 2.) But that motion is not before the court. The present motion to amend states that Mr. Sperry gave it to prison officials

---

[1] To invoke the prisoner mailbox rule, the movant generally must document his use of the legal mail system or sign a notarized affidavit or declaration stating the date he deposited the mail in the regular mail system. *Price*, 420 F.3d at 1166–67. Mr. Sperry's motion contains a signed statement certifying that he gave the motion to prison officials, but it is not notarized and it does not meet the requirements of an unsworn declaration.

7

on May 7, after the deadline for motions to amend. (ECF No. 57, at 2.) Mr. Sperry argues the court erred in when it denied the first motion without prejudice and that the court should have allowed Mr. Sperry time to file a compliant motion. But Mr. Sperry never sought reconsideration of the court's order, and he presents no authority supporting the position that the court is required to hold in abeyance a procedurally deficient motion until the movant remedies the defect.

Mr. Sperry also argues that the court denied the motion *without prejudice*. This is correct, but the court did not *sua sponte* extend the deadline amending the pleadings. Rather, FED. R. CIV. P. 16(b)(4) is clear that the movant must establish good cause to extend any scheduling order deadlines. Mr. Sperry never sought an extension, and the court did not grant one. The prison mailbox rule allows for the court to find timely certain filings given to prison officials by the deadline. It does not allow the court to use a filing date of an entirely separate motion.

Even if the court adopted Mr. Sperry's view, this would only mean that Mr. Sperry waited until the last possible day to file his motion under the scheduling order. It would not explain the months-long delay between the time Mr. Sperry learned of the facts giving rise to the amendments and the time he filed his first motion to amend. In other words, it would not impact the court's conclusion that Mr. Sperry's motion should be denied under Rule 15 based on undue delay. While the court might be willing to grant Mr. Sperry some leeway based on his status as a *pro se* incarcerated litigant, he has given the court no legal basis on which to do so because he has both unduly delayed and filed the motion out of time under the scheduling order. Had Mr. Sperry moved to amend closer to when he learned that he had a claims against potential unnamed defendants, it would not only alter the analysis here, but he would have allowed himself more time to file a renewed motion to amend to correct any procedural defendants (such as failing to attach a copy of the proposed pleading).

### 2. Undue Prejudice

Undue prejudice is the most important factor in determining whether to allow an amendment to the pleadings. *See Minter*, 451 F.3d at 1207. A party may be unduly prejudiced when an amendment unfairly affects a party preparing its defense—for example, when the amendments "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* "While any amendment invariably causes some practical prejudice, undue prejudice means that the amendment would work an injustice to the defendants." *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018); *see also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (recognizing a plaintiff typically will not be precluded from amending "simply because that amendment may increase defendant's potential liability").

The Corizon defendants note that Mr. Sperry's proposed pleading focuses on the statute of limitations inquiry based on a contract theory, causing them to question whether Mr. Sperry is attempting to assert a breach of contract claim. They argue that allowing Mr. Sperry to add new defendants, plead new facts, and possibly assert new theories of recovery (although this is not entirely clear) would prejudice the Corizon defendants, who have already spent approximately two and a half years litigating this case.

The court agrees. Undue prejudice is closely related to undue delay and, in this case, it is Mr. Sperry's undue delay that would cause undue prejudice to the Corizon defendants. *See Minter*, 451 F.3d at 1205. Discovery is set to close on August 20. Allowing Mr. Sperry to add six additional defendants at this late stage (when they were known to him nearly a year earlier) would derail the case schedule and delay resolution of this case for the Corizon defendants, who have

9

been named as party defendants since Mr. Sperry's original case was filed in 2016. For these reasons, the court also denies Mr. Sperry's motion on the grounds of undue prejudice.

### 3. Futility of the Amendment

"A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In the context of futility, the court often considers whether the amended complaint could withstand a motion to dismiss pursuant to Rule 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

The Corizon defendants argue that adding the six new defendants would be futile because plaintiff's proposed claims against them are barred by the statute of limitations, and the proposed amendments do not relate back to the original complaint. Mr. Sperry asserts both § 1983 claims and state law claims, all of which generally have a two-year statute of limitations period except the battery claim, which has a one-year statute of limitations. *See Bledsoe v. Jefferson Cty., Kansas*, 275 F. Supp. 3d 1240, 1256 (D. Kan. 2017) ("Courts apply the statute of limitations which the State provides for personal-injury torts. Because plaintiff's § 1983 claims arose in Kansas, the court applies Kansas's two-year statute of limitations for personal injury actions to his claims." (internal quotations omitted)); *see also* KAN. SAT. ANN. § 60-513 (governing actions limited to

two years); KAN. SAT. ANN. § 60-513(b) (battery action must be brought within a year).  The Corizon defendants note that the bulk of the factual allegations in Mr. Sperry's proposed amended complaint concern events occurring between June 2014 to March 12, 2018.  Because of this, they argue the two-year statute of limitations on Mr. Sperry's § 1983 and medical malpractice claims accrued on March 12, 2018, at the absolute latest, but they also note that the accrual date varies for each proposed additional defendant based on when that defendant provided the alleged negligent care.  (ECF No. 60, at 8.)  The Corizon defendants also argue that Mr. Sperry cannot maintain any of his other claims because Mr. Sperry was clearly on notice of his alleged injuries, including his enlarged spleen, by March 12, 2018, at the latest.

Mr. Sperry makes a number of arguments as to why a different limitations period applies.  He compares his claims to a breach-of-contract claim, which has a five-year limitation period, based on his theory that the proposed defendants were under a contract to render medical services to Mr. Sperry—presumably referring to Corizon's contract with the State of Kansas.  But even under a liberal reading of Mr. Sperry's proposed pleading, it asserts no breach-of-contract claims and, although he appears to suggest that the court may borrow the statute of limitations for a breach-of-contract claim and apply it here, the authority he relies on does not stand for this proposition.[2]  Mr. Sperry separately argues that the continuing violations doctrine would apply to

---

[2] Mr. Sperry cites to the statement in *Pancake House, Inc. v. Redmond* that, "Legal and medical malpractice actions generally constitute both a tort and a breach of contract" to argue that the statute of limitations for a breach-of-contract claim applies here.  *See* 716 P.2d 575, 578 (Kan. 1986).  But *Pancake House* involved an appeal of a legal malpractice claim by a client against its former counsel.  In that context, the court focused on the employment contract between a lawyer and client and drew the distinction between a breach of a duty encompassed within that contract (giving rise to a breach-of-contract claim) versus a breach of a duty imposed by law upon the relationship between the attorney and the client (giving rise to a professional negligence claim).  *See id.  Pancake House* does not support the proposition that the statute of limitations for a breach-of-contract claim would apply to common law torts or to § 1983 claims.

11

extend the statute of limitations, characterizing his claims as stemming from a failure to provide medical treatment. Mr. Sperry does not present legal authority establishing that the continuing violation doctrine applies to each proposed claim. The doctrine is more commonly applied to employment claims. Indeed, the Tenth Circuit has not decided whether the doctrine applies to § 1983 claims. *See Burkley v. Corr. Healthcare Mgmt. Of Oklahoma, Inc.*, 141 F. App'x 714, 716 (10th Cir. 2005) (declining to decide whether the doctrine applied to § 1983 suits). Regardless, it would not appear to apply here. The doctrine permits "a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period." *Id.* In other words, for the doctrine to apply, Mr. Sperry must point to a continuing wrong occurring within the limitations period, not to a continuing injury or delayed notice of that injury. *See Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017) ("This doctrine is triggered by continuing unlawful acts but not by continued damages from the initial violation."). Mr. Sperry largely relies on his own notice of the alleged wrongs rather than an alleged wrong that occurred within the limitations period, which would not support an application of the doctrine.

That leaves Mr. Sperry's contention that he did not learn of the full extent of his injuries until he received his medical records accompanying the *Martinez* report on May 9, 2019. The court construes this argument to mean that Mr. Sperry is invoking the discovery rule. A medical malpractice claim is deemed to accrue at the time of the occurrence, "unless the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." KAN. STAT. ANN. § 60-513(c). Determining when the fact of an injury is reasonably ascertainable is a fact-specific inquiry, and the trier of fact must decide the issue when the parties present conflicting evidence. *Jones v. Neuroscience Assocs., Inc., P.A.*, 827 P.2d 51, 59 (Kan. 1992).

Here, Mr. Sperry's proposed pleading put the Corizon defendants on notice that he alleged: "None of the defendants ever told plaintiff about his enlarged spleen or the danger it represented. . . . Plaintiff did not learn of the splenomegaly until the *Martinez* report was filed on May 9, 2019." (ECF No. 57-1, at 7.)  But the Corizon defendants largely ignore this allegation, instead arguing that Mr. Sperry was aware of his enlarged spleen on March 12, 2018.  However, the Corizon defendants do not cite their basis for this position, which is contrary to the plain language of Mr. Sperry's pleading.  At most, the undersigned can conclude this is a factual dispute between the parties.  On this record, the court cannot find it established that Mr. Sperry's proposed medical malpractice claims would be time-barred.

While it appears Mr. Sperry would face significant statute-of-limitations problems if his claims were to proceed, the court cannot draw any firm conclusions on this record.  Mr. Sperry seeks to assert multiple claims against multiple defendants, but the Corizon defendants do not separately address each defendant or the majority of the proposed claims, including claims for outrage, battery, and breach of fiduciary duty.  This is significant because when a lawsuit "invokes several causes of action, each is subject to a distinct statute of limitations; thus, distinct accrual periods should apply as to each cause of action." *Tiberi v. Cigna Corp.,* 89 F.3d 1423, 1428 (10th Cir. 1996).  In this case, Mr. Sperry's proposed claims do not necessarily accrue at the same point in time, and differing doctrines could apply to extend the statute of limitations for certain claims but not others.  *Compare Kelly v. VinZant*, 197 P.3d 803, 815 (Kan. 2008) (a battery claim accrues at the time of the conduct constituting the battery), *with Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 104 F. Supp. 2d 1294, 1298 (D. Kan. 2000) (a Kansas breach-of-fiduciary duty claims accrues when the act giving rise to the cause of action first causes substantial injury or when injury becomes reasonably ascertainable to the injured party (citing KAN. STAT. ANN. § 60-513(b)); *see*

*also Thomas v. Sifers*, 535 F. Supp. 2d 1200, 1209 (D. Kan. 2007) (noting that while the discovery rule may extend the statute of limitations for medical malpractice and fraud claims, there is no such rule for a battery claim). Accordingly, the court does not find it to be established on this record that Mr. Sperry's proposed claims are necessarily time barred.

## III. CONCLUSION

Mr. Sperry's motion to amend is untimely under the scheduling order and he has not shown good cause for an extension of the deadline to accommodate the filing of this motion. Mr. Sperry also unduly delayed in moving to amend insofar as he knew the facts on which the proposed amendment is based for approximately a year before filing the motion. In addition, the Corizon defendants would be unduly prejudiced by the proposed amendment because the addition of six new defendants at this late stage of the proceeding would derail the case schedule and delay the progression of this case.

**IT IS THEREFORE ORDERED** that Jeffrey J. Sperry's Motion for Permission to Amend Complaint (ECF No. 57) is denied.

**IT IS SO ORDERED.**

Dated June 22, 2020, at Topeka, Kansas.

                                        s/ Angel D. Mitchell
                                        Angel D. Mitchell
                                        U.S. Magistrate Judge