United States District Court for the District of Kansas

JEFFREY J. SPERRY,  )
   plaintiff  )
  )
V.  )  Case No. 18-3119-EFM-ADM
  )
CORIZON HEALTH, et al.,  )
   defendants  )  /

## MOTION TO DISQUALIFY DEFENSE COUNSEL

COMES NOW, JEFFREY J. SPERRY, Plaintiff pro se, and hereby submits his motion to disqualify attorney Tess Johnson as defense counsel in this matter. In support of this motion, Plaintiff states as follows:

1. On July 29, 2020, Plaintiff filed an objection to defense counsel Roger Slead representing all three defendants who have conflicting defenses. [doc. 78].

2. In an effort to either deceive the Court or Plaintiff, or both defense counsel Slead had his business partner, Tess Johnson, enter her appearance on behalf of the two nurse defendants, Rebecca Talbert and Amber Brundege. [doc. 80].

3. Attorneys Slead and Johnson are part of the same firm, which makes them one attorney, and their representation of the three defendants constitutes a direct conflict of interest and violates the Kansas Rules of Professional Conduct.

4. Just as attorney Slead had to be disqualified as defense counsel for defendants Talbert and Brundege, attorney Johnson must likewise be disqualified.

### Memorandum of Law

Kansas law is very clear that an attorney cannot represent multiple defendants in a single action where those defendants have conflicting defenses. [KRPC 1.7]. Defense counsel cannot represent a company and its employees in a single action arising out of the same act. Yost v. Truck Lines, Inc., 2006 U.S.Dist. LEXIS 3286 (D.Kan. 2006).

Having another attorney with the firm of Horn, Aylward & Bandy enter her appearance on behalf of the nurse defendants in this matter does not remedy the conflict. "Two law partners are appropriately considered as one attorney." Martinez v. Sullivan, 881 F.2d 921, 930 (10th Cir.1989) citing Burger v. Kemp, 483 U.S. 776, 783 (1987); State v. Lem'Mons, 238 Kan. 1, 8 (1985)(codefendants represented by attorneys in the same firm was a conflict of interest). Clearly, Ms. Johnson is disqualified to act as defense counsel for any of the defendants in this matter.

The law firm of Horn, Aylward & Bandy was employed by Corizon to defend that business in this lawsuit. While Corizon is liable for the actions of its employees (doctors and nurses), it cannot employ their attorneys to defend them without creating a conflict of interest. Defense counsel Slead has already asserted that his client, Corizon cannot be liable for the actions of the doctors and nurses [doc.s 38 @ 15-17; 44 @ 3-5]. While their assertion is patently wrong, it clearly reflects the conflict of interest that is in play in this case. As reflected by the form-9 response of defendant Talber appended to Plaintiff's objection to motion for protective order [doc. 68 @ 6], the decision as to whether Plaintiff would receive treatment to cure his Hep-C was left to Corizon, not the doctors or nurses. Again, the conflict of interest

2.

is obvious as the doctors and nurses say that Corizon made the decision to not treat Plaintiff's infection and Corizon asserts that they had no control over the doctors and nurses because corizon is not a doctor.

For the foregoing reasons, attorney Tess Johnson must be disqualified as defense counsel for defendants Talbert and Brundege, just as attorney Slead is.

Respectfully Submitted,

dated: August 14, 2020.          JEFFREY J. SPERRY

3