United States District Court for the District of Kansas

| | |
|---|---|
| **JEFFREY J. SPERRY,**<br>    plaintiff<br><br>    V.<br><br>**CORIZON HEALTH, et al.,**<br>    defendants | Case No. **18-3119-EFM-ADM** |

### MOTION TO COMPEL DISCOVERY

COMES NOW, JEFFREY J. SPERRY, Plaintiff pro se, and hereby submits this motion to compel proper discovery. In support of this motion Plaintiff states:

1. Plaintiff requested discovery from Defense Counsel on May 8, 2020. [doc. 56].

2. This request included: (a) the corporate organization (formation) documents for Corizon's main office in Tennessee, and the organization (formation) documents for Corizon's business here in Kansas (which counsel claims is an LLC); (b) the organization (formation) documents for the Corporation Company (the resident agent for Corizon in Kansas); (c) the entire contract between Corizon and KDOC, including addendums; (d) the contract between Corizon and the Corporation Company; (e) all contracts, agreements and other documents between Corizon and the relevant doctors and nurses (Paul Corbier, Karl Saffo, Gordon Herrod, Rebecca Talbert, Amber Brundege, Marijen Aga, Barbara Larson, and Sherry Martell) that regulates their employment and authority; (f) all manuals, policies, procedures, guidelines, etc., regulating the doctors

1

    and nurses, and their ability to implement treatment procedures for inmates; and (g) all correspondence (written, electronic, or any other form of media) between Corizon (tennessee), Corizon (Kansas), all the doctors and nurses, and the KDOC, regarding Plaintiff and his healthcare.

3. To date, Defense Counsel has not complied with this discovery request in any way.

4. Defense Counsel sent prison officials a DVD with a few pages of documents outlining what Hepatitus is, and that inmates are entitled to be treated for it, but that is it.

5. Plaintiff does not have access to a computer to view the DVD and can only get a few minutes to review what was on the disc in front of prison officials, but was denied copies of the documents and could not use the material in any effective way.

6. Plaintiff is entitled to an order directing Defense Counsel to start sending Plaintiff hardcopies of all discovery materials.

7. Plaintiff also seeks an order from the court directing Defense Counsel to turn over all of the documents requested by Plaintiff within 48 hours or be subject to disciplinary sanctions.

### Argument and Authority

Plaintiff is entitled to all of the discovery materials he has requested. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Finley v. Trent. 955 F.Supp. 642, 648 (N.D.W.Va.1997). FRCVP 26(b)(1) clearly states that discovery is available for all non-privileged matter that is in any way relevant to the claims

presented in the suit.

Plaintiff has been very specific about the discovery material he is seeking. He has limited it to material that is germaine to the medical treatment rendered or, not rendered, to him by Corizon and its agents. Defense counsel cannot complain that Plaintiff is requesting material that is not relevant or overbroad.

The type of business entity that Corizon is, is definitely relevant to this case and their liability. Kansas law mandates that corporations in this state are directly liable for the torts committed by its agents. McGuire v. Sifers, 235 Kan 368, 378 (1984) (a corporation is liable for the torts of its agent when committed within the scope of the agent's authority and course of employment even though it did not authorize or ratify the tortious act).

For the same reason, the employment contracts between Corizon and all of the medical personnel listed in the Martinez Report [doc. 24] are relevant. This establishes the agency relationship between the parties, Corizon's liability and responsibility to indemnify its agents under Article 63 of K.S.A. Chapter 17.

Corizon's medical licenses establish whether or not they were operating healthcare facilities legally. Kansas prohibits corporations, or other business entities, from engaging in the practice of medicine without being licensed to practice medicine itself. Central Kansas Medical Center v. Hatesohl, 308 Kan 992 (2018)(corporate practice of medicine doctrine prohibits the practice of medicine by unlicensed business) citing Early Detection Center, Inc. v. Wilson, 248 Kan 869 (1991). Either Corizon has a medical license and is subject to the Medical Malpractice Screening Panel [K.S.A. 65-4901 et seq., or they don't have one and

3

are guilty of committing the felony offense of unlawful practice of medicine without a license [K.S.A. 65-2803].

The reason for the corporate practice of medicine doctrine is to prevent businesses from denying citizens necessary medical procedures based on their desire to fill the pockets of their investors. Early Detection Center (supra). This is why the operating manuals are important, as they determine how Corizon prohibited doctors and nurses from simply giving Plaintiff the cure for Hep-C right at the start, knowing full well that it is a debilitating disease that can kill the patient. PB-01.04. Kansas Taxpayers gave Corizon $60,000,000.00 - $70,000,000.00 every year to pay for Plaintiff's medical needs. These manuals will reveal why doctors and nurses would refuse immediate treatment with medicine proven to cure hep-c, in contravention of the Hippocratic Oath and their medical licenses, and leave that decision up to Corizon bureaucrats.

Clearly, all communications regarding Plaintiff's medical treatment, between the healthcare professionals, Corizon, KDOC, and their lawyers, will be relevant to determine who was specifically liable for denying medical treatment. Contrary to Defense Counsel's personal opinion that he should be the one to decide what is relevant to Plaintiff's claim, Plaintiff is the one who is entitled to review all of the requested material and decide what is relevant to the claims presented. When private companies contract with a state government, they become a part of the state and their business becomes the same open book that state records are. Rice v. Correctional Medical Services, 675 F.3d 650 (7th Cir. 2012). Their business records and materials that are not protected by some other statute are subject to the Open Records Act. Bogle

4

McClure, 332 F.3d 1347, 1358 (11th Cir.2003). Other than Plaintiff's medical records, none of the other material requested is protected under the Kansas Open Records Act, and must be turned over to Plaintiff immediately. The medical records are personal to Plaintiff and he is certainly entitled to them, especially since KDOC has already rendered a large portion of them without one word spoken about privilege.

Plaintiff understands that Defense Counsel was hoping to play around and not render any relevant discovery material before the discovery time limit established by the illegal scheduling order lapsed. However, that order must be set aside as void, so there is no limitation for discovery that is applicable.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order to Defense Counsel to immediately render all of the material requested to Plaintiff.

FURTHER, Plaintiff requests that the Court order counsel to render all of this material to Plaintiff in hardcopy printouts so he can review them at his leisure and use them as attachments to his legal filings.

Respectfully Submitted,

JEFFREY J. SPERRY 47031
E.D.C.F., P.O. BOX 311
EL DORADO, KS 67042

5