**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 23, 2022**

———————————————

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| JEFFREY J. SPERRY, | |
| Plaintiff - Appellant, | |
| v. | No. 21-3008 |
| | (D.C. No. 5:18-CV-03119-EFM-ADM) |
| CORIZON HEALTH, INC.; AMBER BRUNDEGE; REBECCA TALBERT; RAYMOND ROBERTS; JOHNNIE GODDARD; DOUGLAS BURRIS; REX PRYOR; CHRISTOPHER ROSS, | (D. Kan.) |
| Defendants - Appellees. | |

———————————————

### ORDER AND JUDGMENT[*]

———————————————

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

———————————————

This appeal grew out of the medical care provided to a Kansas

inmate: Mr. Jeffrey Sperry. Mr. Sperry was diagnosed in July 2014 with

Hepatitis C. That year, a new antiviral medication (Harvoni) became

———————————————

[*]     Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. *See* Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

     Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

available to treat certain types of Hepatitis C. *Vasquez v. Davis*, 882 F.3d 1270, 1273 (10th Cir. 2018). Mr. Sperry requested the new treatment, but the medical provider (Corizon Health, Inc.) declined his request. Mr. Sperry responded by suing state prison officials, Corizon Health, and two of Corizon Health's nurses. The district court rejected all of the claims, dismissing some, granting judgment on the pleadings for others, and awarding summary judgment on the remaining claims. We affirm.

## I. The district court didn't err in rejecting the rulings on non-dispositive issues.

Mr. Sperry's chief disagreement lies with the dispositive rulings (the dismissals, judgments on the pleadings, and awards of summary judgment). But Mr. Sperry also complains of four other rulings:

1. the entry of a scheduling order,

2. the denial of leave to amend the complaint,

3. the refusal to appoint counsel, and

4. the denial of a request to convene a medical screening panel.

We conclude that the district court did not err in making these rulings.

### A. We have jurisdiction to address these rulings.

The defendants challenge our jurisdiction to consider these issues, arguing that Mr. Sperry failed to designate the rulings in his notice of appeal. We reject this argument.

In the notice of appeal, the appellant must designate the orders being appealed. Fed. R. App. P. 3(c)(1)(B). This designation ordinarily limits the scope of our jurisdiction. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1199 n.8 (10th Cir. 2017). But nonfinal orders typically merge into the final judgment, triggering appellate jurisdiction over earlier rulings. *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002).

In his notice of appeal, Mr. Sperry designated the final judgment, so the earlier rulings merged into that judgment. Given this merger into the final judgment, the notice of appeal triggered our jurisdiction to address entry of the scheduling order, the ruling on the motion to amend the complaint, the decision whether to appoint counsel, and the ruling on the request to convene a medical screening panel.

## B.   Entry of the Scheduling Order

Roughly two years into the case, the magistrate judge entered a scheduling order. Mr. Sperry challenges the validity of that order, and we reject his challenge.

In most civil cases, the court must enter a scheduling order. Fed. R. Civ. P. 16(b)(1). But the District of Kansas has exempted prisoner cases from this requirement. D. Kan. Rules 9.1(k), 16.1(b)(2). So in the District of Kansas, a court need not enter a scheduling order in a prisoner case.

Despite this exemption, the district court *can* enter a scheduling order. *See* D. Kan. Rule 16.1(b) (stating that prisoner cases are exempt from the requirement for entry of a scheduling order "[u]nless the court orders otherwise in a particular case").

In this case, the magistrate judge applied only some of the requirements of Federal Rule of Civil Procedure 16. But this too was within the magistrate judge's discretion, as the District of Kansas allows the district court to impose some or all of the requirements of Rule 16 "if necessary to effectively manage an action." D. Kan. Rule 9.1(k). As a result, we conclude that the magistrate judge did not err in entering a scheduling order.

### C.  Denial of Leave to Amend

Mr. Sperry moved for leave to amend to add defendants, and the magistrate judge denied the motion. In reviewing the denial of leave, we apply the abuse-of-discretion standard. *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020). In our view, the magistrate judge acted within her discretion.

In denying leave to amend, the magistrate judge reasoned that Mr. Sperry had waited too long to request amendment. This court has recognized a litigant's unexplained delay as a reason to deny leave to amend. *Id.* But Mr. Sperry argues that he had two reasons to wait before requesting leave to amend:

4

1.   He didn't know who else to sue until he received a copy of the state's investigative report. *See Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (en banc) (per curiam) (discussing the process for submitting investigative reports in prisoner cases).

2.   He needed to conduct discovery before deciding which parties to add.

But in district court, Mr. Sperry did not say anything about his need to conduct discovery; he said only that he needed to wait on the investigative report. But once the defendants filed the investigative report, Mr. Sperry waited roughly eleven months before seeking leave to amend.

He has furnished us with a plausible explanation, stating that he wanted to conduct discovery rather than file multiple requests to add parties. But Mr. Sperry didn't tell the magistrate judge about the alleged need to conduct discovery. The magistrate judge couldn't abuse her discretion by rejecting an argument that hadn't been made. So the magistrate judge did not abuse her discretion in denying leave to amend.

## D.   Denial of the Request for Appointment of Counsel

Mr. Sperry asked not only for leave to amend but also for appointment of counsel. The magistrate judge declined to appoint counsel.

The magistrate judge couldn't force an attorney to represent Mr. Sperry in this case; at most, the court could ask an attorney to consider

taking the case. 28 U.S.C. § 1915(e)(1);[1] *see Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016) ("Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case." (quoting 28 U.S.C. § 1915(e)(1))). And there's no statutory basis for paying attorneys for their time in civil cases. *Id.* at 397.

Many indigent plaintiffs ask courts for help in obtaining representation. *See id.* So magistrate judges must use discretion in determining when to solicit representation for indigent litigants. *See id.* So we determine only whether the magistrate judge abused her discretion when ruling on a request for counsel. *Id.*

In exercising this discretion, the district court considers the merits, the nature of the claims, the claimant's ability, and the complexity of the issues. *Id.* Applying these factors, the magistrate judge reasoned that the claims didn't appear particularly meritorious, the legal issues weren't too complex, and Mr. Sperry could adequately present his claims.

This explanation appears reasonable. Though the magistrate judge wasn't rendering a final decision, she did need to consider the merits. And in considering the merits, the magistrate judge noted that Mr. Sperry had

---

[1]     Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But Mr. Sperry has paid the filing fees in multiple cases and never argued in district court that he couldn't afford counsel. Instead, he relied on limitations in his ability to contact attorneys and to use the law library.

obtained treatment for his hepatitis. That treatment would have created a hurdle for Mr. Sperry to prove deliberate indifference.

Mr. Sperry points to the complexity of the factual issues. But the magistrate judge didn't question the complexity of the factual issues; she reasoned instead that the *legal* issues didn't appear overly complex. And that appraisal appears reasonable.

Finally, the magistrate judge reasoned that Mr. Sperry had shown an ability to adequately present his claims. This appears to be a reasonable appraisal of Mr. Sperry's abilities. He says that he's a jailhouse lawyer and has helped hundreds of other inmates. This statement is plausible: His briefs in district court were well-written.[2]

Because the magistrate judge's explanation was reasonable, we conclude that she did not abuse her discretion in declining to request counsel for Mr. Sperry.

### E.   Denial of the Request to Convene a Medical Screening Panel

Among the claims was one for medical malpractice. This kind of claim often requires expert testimony, so Kansas has devised a procedure to help indigent claimants. Under this procedure, either party can ask the court to convene a medical screening panel consisting of healthcare providers. Kan. Stat. Ann. § 65-4901. The panel decides whether the

---

[2]      His appellate briefs are also well-written.

treatment had been negligent and, if it had been, whether that negligence caused damages. *Id.* § 65-4903.

Mr. Sperry made two requests for a medical screening panel. Though the court denied both requests, Mr. Sperry challenges only the denial of his second request. The magistrate judge gave several reasons for denying this request. Among these reasons was the delay in his first motion; Mr. Sperry disagrees with this reason.

The deadline to request a medical screening panel is 60 days from service. Kan. Supreme Court Rule 142(c). Corizon Health was served on October, 29, 2018; but the record doesn't say when the nurses were served.

Mr. Sperry made his first request for a medical screening panel on December 31, 2018—63 days after service on Corizon Health. So Mr. Sperry missed the 60-day deadline for Corizon Health.

He argues that

- the return of service wasn't filed until November 6, 2018, and
- the district court denied the first request without prejudice.

We reject both arguments.

First, the 60-day deadline starts with service, not the filing of a return of service. Kan. Supreme Court Rule 142(c).

Second, the dismissal without prejudice didn't extend the deadline; indeed, the request had been late as to Corizon Health even before the district court ruled.

8

In denying the request to convene a medical screening panel, the magistrate judge allowed Mr. Sperry to submit a new request because of uncertainty over when the two nurses were served. But Mr. Sperry didn't file a new request for his claims against the two nurses.

Mr. Sperry questions the need to file a third request, stating that a third filing would serve little purpose. But the magistrate judge explained that with a third request, Mr. Sperry could show his ability to supply the needed materials and pay for the panel's time. *See* Kan. Stat. Ann. § 65-4907 (addressing compensation of the panel members).

Mr. Sperry points out that the statute doesn't require an ability to pay the medical screening panel. But the statute *does* require compensation of the panel members. *Id.* And for the panel to perform, Mr. Sperry needed to show his ability to supply the needed materials in a timely manner. In our view, the magistrate judge acted within her discretion to ensure that the panel members would obtain the needed materials and compensation for the work.

## II. The district court didn't err in denying the defendants' motions for dismissal and judgment on the pleadings.

The defendants consisted of two groups: (1) prison officials and (2) Corizon Health and two of its nurses. Both groups moved to dismiss. But the second group moved for dismissal after they filed answers. So this group's motion is treated as a motion for judgment on the pleadings.

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). For the ruling on this motion, we apply the same standard that we use in deciding motions to dismiss. *Id.*

Under this standard, we apply de novo review, viewing the allegations in the light most favorable to Mr. Sperry and determining whether the complaint contains sufficient facts to state a plausible claim for relief. *Shimomura v. Carlson*, 811 F.3d 349, 358 (10th Cir. 2015). Applying this standard, we find no error in the rulings, which addressed claims involving violation of the Eighth Amendment, civil conspiracy, medical malpractice, outrage, breach of fiduciary duty, and battery.

### A.    Violation of the Eighth Amendment

The district court granted the defendants' motions on all of the Eighth Amendment claims. These rulings were correct.

The Eighth Amendment claims involve deliberate indifference to Mr. Sperry's affliction with Hepatitis C. But the prison officials had outsourced the medical care to Corizon Health.

For this claim, the statutory vehicle is 42 U.S.C. § 1983. Under § 1983, Mr. Sperry had to allege facts showing that the prison officials had personally participated in the constitutional violations. *Moya v. Garcia*, 895 F.3d 1229, 1233 (10th Cir. 2018). For participation, Mr. Sperry relies on his grievances and the prison officials' failure to act. But the denial of a grievance isn't enough for participation. *See Requena v. Roberts*, 893 F.3d

1195, 1216 (10th Cir. 2018) (stating that "the mere response and denial of [the plaintiff's] grievance are insufficient to establish the requisite personal participation under § 1983"); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Given Mr. Sperry's reliance on the handling of his grievances, we conclude that the district court properly dismissed the Eighth Amendment claims against the prison officials.

### B.     Corizon Health and the Two Nurses

Mr. Sperry also sued Corizon Health and two of its nurses. Though he eventually obtained drug treatment (Epclusa), he alleged that the two nurses had waited too long.

Even if the nurses had delayed, Mr. Sperry could prevail only by showing substantial harm from the delay, such as a "lifelong handicap, permanent loss, or considerable pain." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (internal quotation marks omitted). But Mr. Sperry did not allege any facts reflecting substantial harm from the delay in administering drug treatment. As a result, the district court properly dismissed the Eighth Amendment claims against the two nurses. And without a violation by the two nurses, Mr. Sperry couldn't prevail against Corizon Health because its liability depended on an employee's constitutional violation. *Olsen v.*

11

*Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002). The district court thus properly dismissed the Eighth Amendment claim against Corizon Health and the two nurses.

### C.   Civil Conspiracy

The claim of civil conspiracy rests on a single statement, implying a conspiracy from the prison officials' refusal to intervene with Corizon Health. This conclusory allegation is not enough to state a valid claim. *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).

### D.   Medical Malpractice

The district court dismissed the malpractice claims against the prison officials, but not against Corizon Health or its nurses.

In dismissing the claim against the prison officials, the district court reasoned that they couldn't have committed medical malpractice because they weren't healthcare professionals. We agree with this reasoning. *See Perkins v. Susan B. Allen Mem'l Hosp.*, 146 P.3d 1102, 1105 (Kan. Ct. App. 2006) ("Medical malpractice is negligence of a healthcare professional in the diagnosis, care, and treatment of a patient.").

### E.   Outrage

In Kansas, the tort of outrage requires a showing of extreme and outrageous conduct. *Valadez v. Emmis Commc'ns*, 229 P.3d 389, 394 (Kan. 2010). The district court concluded that the allegations hadn't created a plausible claim of extreme and outrageous conduct.

Mr. Sperry argues that the court should have left this determination to the jury. But under Kansas law, the district court had to make this determination in the first instance. *Id.* So we reject Mr. Sperry's challenge to the dismissal of this claim.

### F.    Breach of Fiduciary Duty

The district court reasoned that Mr. Sperry hadn't adequately alleged fiduciary status for the prison officials, Corizon Health, or the two nurses.

We agree with the district court's ruling as to the prison officials. For this ruling, the court concluded that Kansas law would not recognize a fiduciary relationship between prison officials and inmates. We agree.

For Corizon Health and the two nurses, we assume for the sake of argument that a fiduciary relationship existed. But even if such a relationship existed, Mr. Sperry would have needed to plead a plausible basis to infer a breach of that duty.

He claimed that Corizon Health and the two nurses had delayed in telling him of his diagnosis (Hepatitis C). In dismissing the claim, the district court reasoned that Mr. Sperry hadn't

- adequately alleged a failure to disclose his diagnosis or

- alleged a failure by a fiduciary to tell him of his diagnosis.

Mr. Sperry identifies no flaws with this reasoning, so we affirm the dismissal of this claim. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what

13

was wrong with the reasoning that the district court relied on in reaching its decision"); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005) (stating that even unrepresented litigants must present an argument citing the record and providing legal authority).

### G.   Battery

Mr. Sperry also claims battery, which requires an "unprivileged touching or striking." *McElhaney v. Thomas*, 405 P.3d 1214, 1219 (Kan. 2017) (internal quotation marks omitted). But Mr. Sperry doesn't allege that anyone touched him without a privilege. The district court thus acted properly in dismissing this claim.

### III.   The district court didn't err in granting summary judgment on the remaining claims.

These rulings leave claims for medical malpractice and negligence. On these claims, the district court granted summary judgment to Corizon Health and the two nurses. We agree with this ruling.

For claims of malpractice or negligence on the part of a healthcare professional, the plaintiff ordinarily must present expert testimony because the appropriate standard of care and causation ordinarily fall outside the knowledge of laypersons. *Perkins v. Susan B. Allen Mem'l Hosp.*, 146 P.3d 1102, 1105–06 (Kan. Ct. App. 2006). The district court properly concluded that laypersons are ill-equipped to assess the standard of care to treat Hepatitis C and the issue of causation.

Mr. Sperry makes four arguments challenging the district court's conclusion:

1.   He would have had expert testimony if the district court had convened a medical screening panel.

2.   The evidence doesn't entitle the defendants to judgment as a matter of law.

3.   Expert testimony isn't necessary when the issue involves common knowledge.

4.   Support for the claims could come from the defense witnesses.

We reject each argument.

The standard of care for treating hepatitis doesn't fall within the realm of common knowledge, so Mr. Sperry needed expert testimony. Though a medical screening panel might have credited Mr. Sperry's claim, he cannot rely on the failure to convene a medical screening panel because he waited too long to make his request.

He points to the defendants' failure of proof. But these were his claims, and the defendants could properly argue that Mr. Sperry had lacked evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The defendants' argument thrust the burden of persuasion on Mr. Sperry, requiring him to present supporting evidence for his claims. *See id.* But the defendants not only argued that Mr. Sperry lacked evidence; they also presented detailed evidence on the standard of care for patients with Hepatitis C, and Mr. Sperry failed to present contrary evidence. Mr. Sperry

15

argues that he could rely on testimony from defense witnesses. That's true, but he didn't present such testimony.

We thus conclude that the district court acted properly in granting summary judgment to Corizon Health and the two nurses on the claims of medical malpractice and negligence.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge